UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY E. SMITH, JR. and TANYA SMITH, <br>     Plaintiffs <br><br> vs. <br><br> HENRY CSERNY, THEODORE QUAKER, and LOYSVILLE YOUTH DEVELOPMENT CENTER, <br>     Defendants | CIVIL NO. 1:10-CV-2234 |

*M E M O R A N D U M*

*I.	Introduction*

We are considering a motion for summary judgment filed by Defendants on June 5, 2014. This matter relates to injuries sustained by Plaintiff Timothy Smith while in the custody of Loysville Youth Development Center (Loysville). Plaintiff Timothy Smith filed a complaint pursuant to 42 U.S.C. § 1983. He claims that he was injured in violation of the cruel and unusual punishment clause of the Eighth Amendment. Timothy Smith's mother, Tanya Smith, filed her own claim pursuant to § 1983. She claims that Timothy's injuries violated her Fourteenth Amendment due process rights because she was deprived the society and companionship of her son. For the reasons below, we will grant in part and deny in part Defendants' motion for summary judgment.

*II.	Background*

On December 1, 2008, Timothy Smith was in placement at Loysville Youth Development Center (Loysville). (Doc. 23 at 1; Doc. 33 at 1). He was sixteen years old. (Id.). Henry Cserny and Theodore Quaker were employed at Loysville. (Doc. 23-2 at 48;

Doc. 23 at 2). When Cserny arrived at work on December 1, 2008, he learned that the previous evening Timothy Smith attempted to spit on a Loysville staff member. (Doc. 23-2 at 47; Doc. 33 at 2). Cserny awoke Smith to confront him about the spitting incident. (Doc. 23-2 at 48; Doc. 33 at 3). From here, the facts alleged by the parties diverge.

Defendants claim that Cserny asked Timothy Smith about his behavior and Smith became "verbally aggressive" and began to yell profanities. (Doc. 23 at 3). Cserny observed that Smith's hands were balled into fists, he was breathing hard, and his body was shaking. (Id. at 4). Cserny felt threatened and applied an "extended arm assist." (Id.). Smith began to resist and freed one of his arms. (Id. at 5). Theodore Quaker observed the confrontation and responded to assisted Cserny. (Id.). While Smith resisted, Quaker lost his balance and all three fell on the floor. (Id.). Smith's left arm was fractured above the elbow in the process. (Id. at 7).

Plaintiffs claim that Smith was awakened by Cserny yelling, "get out of bed, pussy." (Doc. 33 at 3; Doc. 33-2 at 4). Cserny continued to yell at Smith as he dressed and head-butted him above his right eye. (Id.). Cserny grabbed Smith by the collar, shook him, and shoved against a wall. (Id.). Cserny ordered Smith to do push-ups, and Smith refused. (Id.). Cserny told Smith, "if you don't do it, I am going to put your head through that fucking door." (Id.). When Smith refused, Cserny grabbed him by the head and shoulder in order to force Smith to the ground. (Doc. 33-2 at 5). Quaker responded and assisted Cserny and all three fell to the ground, breaking Smith's arm. (Id.). While

Smith was crying in pain, Cserny told Smith, "you try shit like this again, and I will break your legs." (Id.).

Defendants filed a motion for summary judgment arguing that both Plaintiffs have failed to establish a claim. (Doc. 22). Plaintiffs filed a brief in opposition. (Doc. 32, 33). The Plaintiffs include in their brief a motion to strike Defendants' summary judgment motion.

*III.        Discussion*

*A. Standard of Review*

We will examine the motion for summary judgment under the well-established standard. Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact."). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011)). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

*B. Plaintiffs' Motion to Strike is Denied*

Plaintiffs used videotape to record the depositions of the Defendants. (Doc. 34 at 4). Defendants chose to independently document the depositions stenographically. (Id.). Plaintiffs objected to the use of "alternative means depositions" (stenographic transcripts) for dispositive motions and impeachment. (Doc. 32 at 1). Plaintiffs renew that objection in their opposition brief and move to strike the motion for summary judgment because it cites to Defendants' stenographic transcripts. (Id.). Defendants argue there is no basis to strike the motion for summary judgment. We agree. Plaintiffs point to no authority, binding or persuasive, that supports their motion to strike.[1] Federal Rule of Civil Procedure 30(b)(3) provides that "[a]ny party may arrange to transcribe a deposition" and "any party may designate another method for recording the testimony in addition to that specified in the original notice." Fed. R. Civ. P. 30(b)(3)(A)-(B). Accordingly, Plaintiffs' objection is overruled and their motion to strike is denied.

*C. "Persons" Under § 1983.*

To establish a § 1983 claim, a plaintiff must show (1) conduct by a person, (2) who acted under color of state law, (3) proximately causing, (4) a deprivation of a federally protected right. West v. Atkins, 487 U.S. 42, 48 (1988). Defendants argue that Plaintiffs' claims are barred because the Defendants are not "persons" within the meaning of § 1983. We agree that Loysville is not a "person" but find that Cserny and Quaker are.

---

1. We also note that despite Plaintiffs protestation to Defendants' transcripts, Plaintiffs themselves rely on the "alternative means depositions" to support their own factual contentions. See Doc. 33 at 6.

4

"Person" does not include a State or a state agency. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1981). Additionally, it does not include a state official sued in her official capacity for damages. Id. Conversely, "person" does include a state official sued in her personal capacity, even though the claim for relief arose out of the official's responsibilities. Hafer v. Melo, 502 U.S. 21, 27 (1991). Here, all parties agree that Loysville is a center within the Pennsylvania Department of Public Welfare's Bureau of Juvenile Justice. See (Doc. 1 at 1; Doc. 23 at 1; Doc. 33 at 2). Therefore, a § 1983 claim against Loysville is barred, and Loysville is entitled to summary judgment. With respect to Defendants Cserny and Quaker, however, the complaint states that Plaintiffs are suing them in their personal capacity. (Doc. 1 at 1). Accordingly, Defendants Cserny and Quaker are not entitled to summary judgment on this ground.

*D. Tanya Smith's Fourteenth Amendment Claim*

Tanya Smith, Timothy Smith's mother, alleges that the injury to Timothy caused her to suffer the loss of society, affection, and services of her son and such deprivation violated her substantive due process rights. (Doc. 1 at 4). Defendants argue that Tanya Smith fails to establish a substantive due process claim because courts in the Third Circuit require total destruction of the family relationship before parents can establish such a claim. We agree with Defendants that Tanya Smith fails to establish a due process claim, but we reach our finding on different grounds.[2]

---

2. Defendants argue that only the total destruction of the relationship supports a parent's due process claim, but "state action that affects parental care and management of offspring does not." (Doc. 24 at 9). First, Tanya Smith is not claiming there was an interference with her parental care and management. She is claiming a loss of society and companionship. Second, even if Tanya

To establish a substantive due process claim for the loss of society and companionship of a child, a parent must show "the state action at issue was specifically aimed at interfering with protected aspects of the parent-child relationship." Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 192 (3d Cir. 2009) (citing McCurdy v. Dodd, 352 F.3d 820, 827-28 (3d Cir. 2003)).  Here, Tanya Smith fails to allege, much less produce any evidence, that Defendants acted with the specific intention of interfering with her relationship with Timothy.  Accordingly, Tanya Smith has failed to establish an essential element of her claim, and Defendants Cserny and Quaker are entitled to summary judgment on her claim.

*E. Timothy Smith's Eighth Amendment Claim*

To establish an Eighth Amendment claim for excessive use of force, a complainant must establish that the force used was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Defendants' argue that they are entitled to summary judgment because they acted in good faith.  (Doc. 24 at 6-7). "Summary judgment in favor of a defendant is not appropriate if 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." Brooks v. Kyler, 204 F.3d 102, 106 (3d

---

Smith were claiming interference with management and care of a child, Defendants' assertion is not true.  In 2000, the Supreme Court of the United States held that a parent has a fundamental right in the care, custody, and control of their child.  Troxel v. Granville, 530 U.S. 57 (2000).  And third, total destruction is not *per se* required for a parent to bring a substantive due process claim for loss of child companionship. See Chambers *ex rel.* Chambers v. Sch. Dist. Of Phila. Bd. of Educ., 587 F.3d 176, 192 (3d Cir. 2009) (claiming loss of companionship due to lack of adequate education for special needs child).

Cir. 2000). Factors relevant to such a determination include: (1) the need for the application of force; (2) the relationship between the need and amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates; and (5) any efforts made to temper the severity of a forceful response. Whitley v. Albers, 475 U.S. 312, 321 (1986); Brooks, 204 F.3d at 106.

With respect to Defendant Quaker, Plaintiffs admit that Defendant Quaker's only involvement was observing a confrontation between Smith and Cserny, responding to assist Cserny, and falling to the ground in the process of that assist. (Doc. 33 at 8, ¶ 30; Doc. 33-3 at 15). Because this is the totality of Plaintiffs' evidence against Defendant Quaker, we find that Plaintiff has failed to establish sufficient evidence from which a reasonable trier of fact could infer that Defendant Quaker acted maliciously and sadistically. Therefore, Defendant Quaker is entitled to summary judgment.

With respect to Defendant Cserny, however, viewing the evidence in the light most favorable to the Plaintiffs, we find that a genuine issue of material fact exists that must be resolved by a trier of fact. Plaintiff Smith has produced evidence that Defendant Cserny head-butted him, grabbed him by the collar and shook him, threw him against the wall, threatened him, and tried to force him to the ground. A reasonable trier of fact, considering the factors enumerated above, could find that Defendant Cserny's actions were not taken in good faith. Therefore, a genuine issue of material fact exists. Defendant Cserny's motion for summary judgment with respect to Timothy Smith's claim is denied.

*F. Qualified Immunity*

Last, Defendants argue they are entitled to qualified immunity.  An official is not entitled to qualified immunity if (1) the official's conduct violated a constitutional or federal right and (2) the right at issue was clearly established.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201-02 (2001).  Here, to determine whether Defendant Cserny's acts were constitutional requires a resolution of the factual disputes addressed above.  We, therefore, deny Defendants' motion for summary judgment on qualified immunity grounds and defer this determination until a trier of fact determines the disputed facts.

*IV.        Conclusion*

Based on the above, Defendant Loysville Youth Development Center and Defendant Quaker have demonstrated that they are entitled to summary judgment on all claims.  Defendant Cserny has demonstrated he is entitled to summary judgment on Tanya Smith's claim.  However, we will deny Defendant Cserny's motion with respect to Plaintiff Timothy Smith's claim.  We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge
